IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| DARNELL NOLLEY, | : |
| | : |
| Plaintiff, | : |
| v. | : |
| | :     No. 5:15-CV-75 (CAR) |
| CYNTHIA NELSON, *et al.*, | : |
| | : |
| Defendants. | : |
| _____ | : |

### ORDER ON THE REPORT AND RECOMMENDATION OF
### THE UNITED STATES MAGISTRATE JUDGE

Before the Court is the Report and Recommendation of the United States Magistrate Judge [Doc. 50] to grant-in-part and deny-in-part Defendants Gregory McLaughlin, Tevonza Bobbitt, Samuel Ridley, Stephen Bostick, and Dorian Giles's Pre-Answer Motion to Dismiss [Doc. 21]; to deny Plaintiff's Motions to Supplement [Docs. 19, 35, 46, 48]; and to deny Plaintiff's Motion for Preliminary Injunctive Relief [Doc. 31-1]. In particular, the Magistrate Judge recommends this Court dismiss Plaintiff's claims against Defendant McLaughlin in his official capacity and Plaintiff's claims for compensatory and punitive damages, but allow Plaintiff's Fourteenth Amendment claims against Defendants in their individual capacities for nominal damages to go forward. Defendant has filed an Objection [Doc. 52] to the Recommendation. Plaintiff

1

has not.¹ After considering Defendant's Objection and conducting a *de novo* review of the matters raised therein, the Court **adopts** as modified the findings and conclusions of the Magistrate Judge for the reasons outlined below.

Defendants' sole objection is that the Magistrate Judge improperly considered factual allegations outside of Plaintiff's Complaint. Defendants contend that the Magistrate Judge erred in its finding that Plaintiff sufficiently stated a Fourteenth Amendment claim against Defendant Giles because he signed Plaintiff's Tier II assignment Memo. Defendant argues that the Magistrate Judge, in making his Recommendation, improperly considered Plaintiff's statement that Defendant Giles "signed the memo at issue in the place reserved exclusively for the Tier II counselor, i.e., Defendant Bostick" because Plaintiff made this statement in his Response brief, not his Complaint.²

Defendants are correct that in ruling on a Motion Dismiss in this Circuit, the Court should not look beyond the "four corners of the complaint."³  However, the

---

¹ Plaintiff filed a letter requesting the Court rule on his pending motions, but makes no objections to the Magistrate Judge's Recommendation. *See* [Doc. 51].
² Pl.'s Obj. [Doc. 52] at 6.
³ *Keating v. City of Miami*, 598 F.3d 753, 762 (11th Cir.2010); *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009) (stating "[a] court's review on a motion to dismiss is 'limited to the four corners of the complaint.'")

Court is instructed to construe *pro se* Plaintiff's pleadings liberally.[4] Here, Plaintiff's Response Brief contained an additional fact beyond those alleged in his Complaint. The Magistrate Judge, however, need not have considered Plaintiff's additional allegation. Plaintiff's original allegation that Defendant Giles signed "the place reserved exclusively for the Tier II Counselor," sufficiently states a claim. In Defendant's Motion to Dismiss, Defendant Giles contends Plaintiff's allegations that he was a counselor at Macon State, was unauthorized to participate in Tier II classifications, provided Plaintiff with the Assignment Memo, and that the Memo contained his signature are insufficient to state a claim. However, this argument is unpersuasive. In liberally construing Plaintiff's allegations,[5] Plaintiff avers that Defendant Giles took part in his classification process, despite being unauthorized to do so. Defendant Giles points to no legal authority supporting his arguments that such allegations, when liberally construed, fail to sufficiently state a claim. These objections, therefore, are without merit.

For the reasons set forth above, the Court agrees with the Magistrate Judge's findings and conclusions. Accordingly, the Court **GRANTS-IN-PART AND DENIES-IN-PART** Defendants Gregory McLaughlin, Tevonza Bobbitt, Samuel Ridley, Stephen Bostick, and Dorian Giles's Motion to Dismiss [Doc. 21]. Plaintiff's claims against

---

[4] *See Tannenbaum v. United States*, 148 F. 3d 1262, 1263 (11th Cir. 1998 (*Pro se* Pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed).

[5] *See, e.g., Saunders v. Duke*, 766 F.3d 1262, 1266 (11th Cir. 2014) (stating that courts are bound to liberally construe *pro se* filings).

Defendant McLaughlin in his official capacity and Plaintiff's claims for compensatory and punitive damages are **DISMISSED**; but Plaintiff's Fourteenth Amendment claims against Defendants in their individual capacities for nominal damages may go forward. The Court **DENIES** Plaintiff's Motions to Supplement [Docs. 19, 35, 46, 48], and **DENIES** Plaintiff's Motion for Preliminary Injunctive Relief [Doc. 31-1]. Thus, the Report and Recommendation of the United States Magistrate Judge [Doc. 50] is hereby **ADOPTED** and **MADE THE ORDER OF THE COURT**.

    **SO ORDERED**, this 29th day of March, 2016.

                                                <u>S/ C. Ashley Royal</u>
                                                C. ASHLEY ROYAL, JUDGE
                                                UNITED STATES DISTRICT COURT