IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| DARNELL NOLLEY, | : | |
| | : | |
| **Plaintiff,** | : | |
| v. | : | |
| | : | No. 5:15-CV-75 (CAR) |
| CYNTHIA NELSON, *et al*., | : | |
| | : | |
| **Defendants.** | : | |
| _____ | : | |

**ORDER ON THE REPORT AND RECOMMENDATION OF
THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Plaintiff's Motion for Reconsideration [Doc. 58] of the Court's Order [Doc. 54] adopting the Magistrate Judge's Recommendation [Doc. 50] to grant-in-part and deny-in-part Defendants Gregory McLaughlin, Tevonza Bobbitt, Samuel Ridley, Stephen Bostick, and Dorian Giles's Pre-Answer Motion to Dismiss [Doc. 21]; to deny Plaintiff's Motions to Supplement [Docs. 19, 35, 46, 48]; and to deny Plaintiff's Motion for Preliminary Injunctive Relief [Doc. 31-1].[1] Defendants timely objected to the Magistrate Judge's Recommendation, and the Court reviewed *de novo* the portions of the Magistrate Judge's Recommendation to which Defendants objected. At the time the Court issued its Order, it was unaware Plaintiff filed Objections because the Objections were entered the same day the Court issued its Order, and thus the Court did not

---

[1] Plaintiff filed a Response Brief [Doc. 31-1] to Defendants' Motion to Dismiss, which the Magistrate Judge in his Recommendation construed as a Motion for Preliminary Injunctive Relief.

1

consider them in reviewing the Magistrate Judge's Recommendation. Plaintiff's Objections, however, were dated March 22, 2016, and therefore were timely.

The Court must review the portions of the Recommendation Plaintiff timely objected to *de novo*. The Court, therefore, **GRANTS** Plaintiff's Motion for Reconsideration [Doc. 58] to properly consider Plaintiff's Objections at this time.[2] However, after conducting a *de novo* review of the matters raised therein, the Court still adopts the findings and conclusions of the Magistrate Judge for the reasons stated below.

Plaintiff objects on several grounds to the Magistrate Judge's Recommendation [Doc. 50].[3] In his Recommendation, the Magistrate Judge recommends Plaintiff's Fourteenth Amendment claims proceed against Defendants in their individual capacities for nominal damages, but Plaintiff's claim against Defendant McLaughlin in his official capacity and Plaintiff's claims for injunctive relief, declaratory relief, compensatory damages, and punitive damages be dismissed. Additionally, the Magistrate Judge recommends Plaintiff's motions to supplement be denied because the claims therein are either unrelated to the transaction and occurrences underlying the

---

[2] *See Daker v. Comm'r, Georgia Dep't of Corr*., No. 14-12139, 2016 WL 2342890, at *7 (11th Cir. May 4, 2016); *see also* Fed. R. Civ. Pro. 60(a) (allowing the court, either *sua sponte* or by motion, to correct an order or judgment based on a clerical mistake, or mistake arising from oversight, whenever one is found).

[3] Plaintiff also objects to the Magistrate's Judge's Order denying his Motion to Appoint Counsel. However, after reviewing Plaintiff's arguments, the Court finds them unconvincing, and the Court agrees with reasoning in the Magistrate Judge's Order that Plaintiff does not meet the necessary standard.

original Complaint or were not properly exhausted. Plaintiff objects and contends the claims in his supplemental complaints are not only sufficiently related, but properly exhausted, and, therefore, his claims for injunctive relief and compensatory and punitive damages should be permitted to go forward.

First, Plaintiff argues his confinement in Tier II Programs at both Valdosta State Prison and Ware Prison, where Plaintiff is currently incarcerated, constitute a "continuation" of his confinement in the Tier II Program at Macon State Prison because he was automatically placed in Valdosta State's and Ware's Tier II Program due to his classification in the program while he was at Macon State.[4] Additionally, Plaintiff alleges he was transferred to both Valdosta State and Ware in retaliation for filing this lawsuit and continuing to file supplemental complaints. Based on these allegations, Plaintiff contends his supplemental claims arise from the same transactions or occurrences detailed in his Complaint and satisfy the requirements of Federal Rules of Civil Procedure Rule 20.[5] Plaintiff's arguments, however, are merely reassertions of the arguments put forth in his motions to supplement and his memorandums in support thereof, all of which have been thoroughly addressed in the Magistrate Judge's

---

[4] Pl.'s Objs., [Doc. 53] at 1-4.
[5] *Id*. at 1.

Recommendation.[6] The Court agrees with the Recommendation that Plaintiff's motions to supplement be denied.

Alternatively, Plaintiff argues his confinement in the Tier II Program at Macon State, Valdosta State, and Ware should be construed as one violation by Homer Bryson, the Commissioner of the Georgia Department of Correction ("GDC"), because the Tier II Program is part of a policy that is implemented statewide by GDC. In support of this contention, Plaintiff points to a Seventh Circuit case, *Lehn v. Holmes*,[7] for the proposition that a prison transfer does not deprive a plaintiff of standing where the underlying lawsuit is challenging a statewide policy.[8] However, Plaintiff never asserts in his original complaint, amended complaint, or proposed supplemental complaints that the Tier II Program is a statewide policy that, either facially or as applied, operates to strip prisoners of their due process rights.[9]

---

[6] Plaintiff also avers that Defendants never argued that these proposed supplemental complaints could not be joined pursuant to Rule 20. Pl.'s Objs., [Doc. 53] at 2. Plaintiff is incorrect. While Defendants did not argue that the claims against the Valdosta State officials constituted improper joinder, Defendants did allege that the claims against the Ware officials could not be joined pursuant to Rule 20. Defs.' Resp. in Opp'n of Pl.'s Third Mot. to Suppl., [Doc. 47] at 6-7.
[7] 364 F.3d 862, 871 (7th Cir. 2004).
[8] Pl.'s Objs., [Doc. 53] at 3.
[9] Plaintiff does, however, assert a supplemental claim against Homer Bryson for "promulgating a statewide policy which provides that the only religious literature the plaintiff is allowed to possess is either a Bible or a Qur'an" in violation of his First Amendment rights. Second Proposed Suppl. Compl. [Doc. 35-1] at 11. Plaintiff also asserts a supplemental claim against Bryson for his "endorsement . . . of the general restrictions and confinement conditions characteristic of the statewide Tier II Program" and contending that these conditions are intended to inflict physical and mental pain and thus constitute "torture in violation of 18 U.S.C. § 2340, as well as deliberate torture perpetuated under official authority in violation of

Next, Plaintiff contends his supplemental retaliation claims against Defendant McLaughlin and Adrian Nelson were properly exhausted.[10] Specifically, Plaintiff argues administrative remedies were not available because, contrary to GDC Standard Operating Procedures, he was not given a grievance appeal receipt. Thus, he believed his grievance appeal was never actually submitted and waiting the 100 days for a response would have been "an act of utter futility."[11] Plaintiff further contends that, contrary to the findings in the Magistrate Judge's Recommendation, he submitted his grievance appeal on July 7, 2015, not on July 8, 2015.[12] However, as the Magistrate Judge noted in his Recommendation, "[t]he only facts pertinent to determining whether a prisoner has satisfied the PLRA's exhaustion requirement are those that existed when he filed his . . . complaint."[13] In light of Plaintiff's clarification, at the time Plaintiff filed his supplemental complaint on July 7, 2015, he had not submitted his grievance appeal. Thus, Plaintiff had not even attempted to exhaust all administrative remedies at the time he filed his supplemental complaint. Therefore, the Court is unconvinced by

---

universally accepted norms of the international law of human rights, i.e., the law of nations." Fourth Proposed Suppl. Compl., [Doc. 48-1] at 10. These allegations also fail to satisfy the requirements of Rule 20 as Plaintiff's Fourteenth Amendment claims against Macon State officials and the proposed First Amendment claims for the denial of religious materials by Valdosta State officials and the "torture" claims by Ware officials do not contain "any question of law or fact common to *all* defendants." Fed. R. Civ. P. 20(a)(2)(B) (emphasis added).

[10] Pl.'s Objs., [Doc. 53] at 4-5.
[11] *Id.* at 5.
[12] Pl.'s Objs., [Doc. 53] at 5 (citing Pl.'s Memo. in Supp. of First Proposed Suppl. Compl., [Doc. 40] at 2).
[13] *Smith v. Terry*, 491 F. App'x 81, 83 (11th Cir. 2012).

5

Plaintiff's Objections, and agrees with the Magistrate Judge's Recommendation to deny Plaintiff's motions to supplement his Complaint.

In his Objections, Plaintiff also takes issue with the Magistrate Judge's recommendation to dismiss his claims for injunctive relief and compensatory and punitive damages. Plaintiff contends that if the Court grants his motions to supplement, these claims should be permitted to move forward. The Court has considered all of Plaintiff's arguments; however, the Court is unpersuaded. For the reasons stated above, the Court agrees with the Magistrate Judge that Plaintiff's motions to supplement his complaint should be denied, and thus his claims for injunctive relief and his claims for compensatory and punitive damages should be dismissed.

Finally, Plaintiff argues Defendants McLaughlin, Bobbitt, Ridley, and Bostick were not acting within the scope of their authority and so are not entitled to qualified immunity. Plaintiff is incorrect. "[D]iscretionary authority [] include[s] all actions of a governmental official that (1) were undertaken pursuant to the performance of his duties, and (2) were within the scope of his authority."[14] For purposes of the qualified immunity analysis, the court does not "focus[] on whether the acts in question involved the exercise of actual discretion[.]"[15] Instead, "we assess whether [the acts] are of a type that fell within the employee's job responsibilities."[16] This contrasts with "many areas

---

[14] *Jordan v. Doe*, 38 F.3d 1559, 1566 (11th Cir. 1994).
[15] *Holloman v. Harland*, 370 F.3d 1252, 1265 (11th Cir. 2004).
[16] *Id.*

6

other than qualified immunity," in which "a 'discretionary function' is defined as an activity requiring the exercise of independent judgment[] and is the opposite of a 'ministerial task.'"[17] Furthermore, "the inquiry is not whether it was within the defendant's authority to commit the allegedly illegal act. Framed that way, the inquiry is no more than an untenable tautology."[18] Defendants, as members of the classification committee, were clearly acting within their authority when they assigned Plaintiff to the Tier II Program.

Having considered Plaintiff's Objections, and reviewed the Recommendation *de novo*, the Court finds them without merit. Thus, based on the foregoing, the Court continues to agree with the Recommendation of the United States Magistrate Judge [Doc. 50]. Accordingly, as noted in its previous Order [Doc. 54], the Court **GRANTS-IN-PART AND DENIES-IN-PART** Defendants Gregory McLaughlin, Tevonza Bobbitt, Samuel Ridley, Stephen Bostick, and Dorian Giles's Motion to Dismiss [Doc. 21]. Plaintiff's claims against Defendant McLaughlin in his official capacity and Plaintiff's claims for compensatory and punitive damages are **DISMISSED**; but Plaintiff's Fourteenth Amendment claims against Defendants in their individual capacities for nominal damages **may go forward**. The Court **DENIES** Plaintiff's Motions to Supplement [Docs. 19, 35, 46, 48], and **DENIES** Plaintiff's Motion for Preliminary Injunctive Relief [Doc. 31-1]. Thus, the Report and Recommendation of the United

---

[17] *Id.*
[18] *Id.* at 1266.

States Magistrate Judge [Doc. 50] is hereby **ADOPTED** and **MADE THE ORDER OF THE COURT.**

**SO ORDERED**, this 24th day of June, 2016

<u>S/ C. Ashley Royal</u>
C. ASHLEY ROYAL, JUDGE
UNITED STATES DISTRICT COURT