IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| DARNELL NOLLEY, | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL NO. 5:15-cv-0075-CAR-MSH |
| VS. | : | |
| | : | |
| CYNTHIA NELSON, et al, | : | |
| | : | |
| Defendants. | | |

## ORDER ON MOTIONS

Currently pending before the Court are Plaintiff Darnell Nolley's Motion for Appointment of Counsel (Doc. 66), Motion for Extension of Time (Doc. 72), Motion for Copies of Documents (Doc. 71), and Motion to Proceed *in forma pauperis* on Appeal (Doc. 75). Each of Plaintiff's motions are addressed in turn below:

### I.   Motion for Appointment of Counsel

Plaintiff has filed a second motion requesting that counsel be appointed to assist him in prosecuting this case. In his first motion for counsel (Doc. 27), Plaintiff made many of the same arguments included in his present motion; and upon consideration, the United States Magistrate Judge found that the appointment of counsel was then not warranted. *See* Order & Recommendation ("O&R"), March 10, 2016, ECF No. 50 at 30. Plaintiff filed an objection to the order (Doc. 53) and has now filed a second motion for the appointment of counsel (Doc. 66).

The Court has read and fully considered all of Plaintiff's arguments and, like the Magistrate Judge, finds that the facts involved in this case are not complicated and that the law governing Plaintiff's claims is neither novel nor complex so as to warrant the appointment of counsel. *See Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987). Plaintiff's many filings further demonstrate that Plaintiff is able to articulate the essential facts and that he has a basic understanding of the law. Indeed, despite his claims of inexperience in the law, Plaintiff is far from a novice when it comes to *pro se* litigation. *See Nolley v. Deal*, 4:13-cv-0313 (N.D. Ga. 2013); *Nolley v. Unnamed*, 4:15-cv-0161 (N.D. Ga. 2015); Nolley v. Gramiak, 3:15-cv-0114 (M.D. Ga. 2015); *Nolley v. McLaughlin*, 5:15-cv-0149 (M.D. Ga. 2015); *Nolley v. Bryson*, 4:15-cv-0189 (N.D. Ga. 2015); *Nolley v. Bryson*, 5:15-cv-0324 (2015); *Nolley v. Doe*, 3:16-cv-006-CDL-CHW (M.D. Ga. 2016); *Nolley v. Gramiak*, 3:16-cv-009 (M.D. Ga. 2016). Plaintiff has in fact shown a workable knowledge of the legal process and is also ably prosecuting three other civil actions in this court without the assistance of counsel. *See McLaughlin*, 5:15-cv-0149; *Gramiak*, 3:16-cv-009; *Gramiak*, 3:15-cv-0114. Nothing in his filings suggests that Plaintiff will be unable to participate in discovery or to adequately make or respond to any future motions.

Furthermore, the conditions and logistical difficulties of which Plaintiff complains – such as transfers, solitary confinement, lockdowns, restricted access to legal materials, and an inability investigate factual matters outside of discovery – do not in and of themselves qualify as "extraordinary circumstances" justifying the appointment of

counsel.  *See Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982).  *C.f. Amante v. Walker*, 268 F. Supp. 2d 154, 158 (E.D.N.Y. 2003). *See also Hampton v. Peeples*, No. CV 614-104, 2015 WL 4112435, at *2 (S.D. Ga. July 7, 2015) ("prisoners do not receive special consideration notwithstanding the challenges of litigating a case while incarcerated"); *Throop v. Woodford*, No. CIV. 06CV2376, 2007 WL 2317122, at *1 (S.D. Cal. Aug. 9, 2007) (prisoner's impaired ability to write, combined with his placement in administrative segregation, did not warrant appointment of counsel).  And, after a review of Plaintiff's filings, it does not appear that the limitations imposed by Plaintiff's confinement have affected his ability to prosecute this case.  Plaintiff has submitted timely and appropriate motions, briefs, responses, and objections and has even sometimes included citations to relevant statutes and case law.

Plaintiff's most recent request for the appointment of counsel (Doc. 66) is thus **DENIED** without prejudice to his right to renew it at a later stage of the proceedings.

### II.    Motion for Extension of Time

Plaintiff also seeks leave to file an out-of-time motion for reconsideration with respect to the Court's order denying his requests to supplement his complaint.  Plaintiff's Motion for an extension of time (Doc. 72, 73) is **DENIED**.  The Court has already considered and ruled on one motion for reconsideration as to this issue and therein found that Plaintiff's motions to supplement were properly denied.  *See* Order, June 24, 2016, Doc. 65.  Plaintiff's present motion also fails to identify any valid basis for reconsideration.  Plaintiff simply states that he wishes to file an out-of-time motion

3

because the Court "overlooked" arguments he previously made. *See* Motion, Doc. 72, at 1. Plaintiff's resubmission of the same arguments – or even of arguments that should have been (but were not) raised previously – would be futile. A plaintiff cannot "employ a motion for reconsideration as a vehicle to present new arguments or evidence that should have been raised earlier, introduce novel legal theories, or repackage familiar arguments to test whether the Court will change its mind." *Brogdon v. National Healthcare Corp.*, 103 F. Supp. 2d 1322, 1338 (N.D. Ga. 2000).

### III.    Motion for Copies of Documents

Plaintiff next requests that he be provided copies of documents from the Court free of charge. In support of his request, Plaintiff states that he is a pauper, without funds to pay the required fee for copies, and that he has never before obtained copies of these documents. *See* Motion, July 14, 2016, Doc. 71. In another motion filed on or about the same date, Plaintiff additionally alleges that "Departmental Cobra Squad Members" rummaged through his legal papers on June 22, 2016, and in the process, many of his court-related documents were either badly damaged or destroyed. In light of these allegations, Plaintiff's motion will be **GRANTED**. The **CLERK** is accordingly **DIRECTED** to provide Plaintiff with copies of the requested documents and a copy of the Docket free of charge.

### IV.    Motion to Proceed *in forma pauperis* on Appeal

Finally, Plaintiff has moved for leave to proceed *in forma pauperis* on appeal from "the final judgment entered in this action on June 24, 2016" [Doc. 75]. No final judgment

has been entered in this case. The Court did, however, enter an order on June 24, 2016, granting-in-part Defendants' Pre-Answer Motion to Dismiss [Doc. 21], denying Plaintiff's Motions to Supplement [Docs. 19, 35, 46, 48]; and denying Plaintiff's Motion for Preliminary Injunctive Relief [Doc. 31-1]. It is thus presumed that Plaintiff's appeal is based on one or more of the rulings made in this Order.

The district court may authorize an appeal of a civil action without prepayment of fees if the plaintiff submits an affidavit that includes a statement of his assets and shows that he is unable to pay the filing fee. 28 U.S.C. § 1915(a)(1). An appeal, however, may not be taken *in forma pauperis* – regardless of the plaintiff's economic eligibility – if the trial court finds that it is not taken in good faith. 28 U.S.C. § 1915(a)(3).

In this case, Plaintiff's Motion does not include an appropriate affidavit or statement showing that he is currently unable to prepay the filing fee. After a review of Plaintiff's Motion, Notice of Appeal (Doc. 68), and the prior orders in this case, the Court finds no good faith basis for his appeal. The Court therefore certifies, pursuant to § 1915(a)(3), that Plaintiff's appeal is not taken in good faith. Plaintiff's Motion to Proceed *in forma pauperis* on Appeal is **DENIED**.

If Plaintiff wishes to proceed with an appeal, he must pay the entire $505.00 appellate filing fee. Because Plaintiff has stated that he cannot pay the $505.00 immediately, he must pay using the partial payment plan described under 28 U.S.C. § 1915(b). The prison account custodian where Plaintiff is incarcerated shall thus cause to be remitted to the Clerk of this Court monthly payments of 20% of the preceding month's

income credited to Plaintiff's account until the $505.00 appellate filing fee has been paid in full.  These funds shall be withheld by the prison account custodian who, on a monthly basis, shall forward the amount withheld from the prisoner's account to the Clerk of this Court each time the amount in the account exceeds $10.00 until the total filing fee of $505.00 has been paid.   Checks should be made payable to "Clerk, U.S. District Court."

## CONCLUSION

As stated herein, Plaintiff's Motion for Appointment of Counsel, Motion for Extension of Time, and Motion to Proceed *in forma pauperis* on Appeal are **DENIED**.  Plaintiff's motion for copies of documents without payment is, however, **GRANTED**; and the **CLERK** is **DIRECTED** to provide Plaintiff with copies of the requested documents and a copy of the Docket free of charge.

**SO ORDERED**, this 16th day of August, 2016.

S/ C. Ashley Royal
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE