# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | | |
|---|---|---|
| DARNELL NOLLEY, | : | |
| Plaintiff, | : | |
| VS. | : | CASE NO. 5:15-CV-75-CAR-MSH |
| CYNTHIA NELSON, *et al.*, | : | |
| Defendants. | : | |

## ORDER

Presently pending before the Court is Waseem Daker's motion to intervene (ECF No. 109), filed on April 20, 2017. On April 27, 2017, Defendants Bobbitt, Bostick, Giles, McLaughlin, and Ridley filed a joint response to Daker's motion. (ECF No. 111.) Daker filed a reply on May 8, 2017. (ECF No. 113.) Daker's motion is ripe for review. For the reasons discussed herein, Daker's motion is denied.

## BACKGROUND

Plaintiff Darnell Nolley filed this § 1983 action on March 1, 2015. Compl. 7, ECF No. 1. Though the case was initially dismissed, Plaintiff was granted leave to file a post-judgment motion to amend his complaint—salvaging his claims. Plaintiff's April 21, 2015 Amended Complaint (ECF No. 12) is the controlling complaint of this case. Order 3, June 1, 2015, ECF No. 11. Defendants filed a pre-answer motion to dismiss (ECF No. 21) on July 27, 2015. Pursuant to the ruling on that motion to dismiss, only Plaintiff's Fourteenth Amendment claims against Defendants in their individual capacities for

nominal damages were allowed to proceed. Order 4, March 29, 2016, ECF No. 54. Defendants filed their Answer (ECF No. 57) on April 12, 2016. The discovery period ended almost eight months ago, on September 21, 2016. Order 1, Aug. 22, 2016, ECF No. 80. Defendants filed a motion for summary judgment (ECF No. 86) on October 21, 2016. On December 19, 2016, Plaintiff Nolley filed his response. (ECF No. 93.) Defendants filed a reply on January 26, 2017. (ECF No. 95.) Discovery is closed and the pending dispositive motion is fully briefed and ripe for ruling, yet Daker filed the instant motion to intervene on April 17, 2017—some two years after the initiation of this lawsuit.

## DISCUSSION

### I.  Intervention of Right

Daker asserts that he is entitled of intervention of right. The Court disagrees. Intervention of right occurs where an individual files a timely motion and

> claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(2). Daker clearly does not meet this standard. Ignoring any discussion of the timeliness of his motion—filed some two years after the action, after the close of discovery and the time to file dispositive motions—Daker seeks wholly different relief, for different claims, based on different facts and different legal issues than Plaintiff. He can, in no way, claim an actual legal interest relating to the property or transaction that is the subject of this action. Plaintiff's claims arise from his allegation that his due process rights were violated when he was purportedly denied a proper

2

hearing before being placed in Tier II confinement. Daker challenges a myriad of his conditions of confinement. In fact, Daker has filed his own lawsuits asserting various constitutional violations, and *those* are the proper vehicle for litigating his claims. Daker has no intervention as a matter of right under the Federal Rules.

## II. Permissive Intervention

For the reasons discussed herein, permissive intervention is inappropriate and the Court declines to exercise its discretion to grant the same. *See* Fed. R. Civ. P. 24(b). Daker attempts to use permissive intervention to circumvent the PLRA three strike and exhaustion requirements. Such requirements are part of Congress's legitimate effort to curtail abusive litigation and this Court will not permit Daker to usurp Congress's authority to do so.

### A. Three Strikes

The "three strikes" provision of the Prison Litigation Reform Act ("PLRA") prohibits a prisoner from bringing a civil action *in forma pauperis*

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Daker has filed more than three actions or appeals that were dismissed on the statutorily-enumerated grounds prior to his filing of a motion to intervene in this case: *Daker v. Mokwa,* Order Denying Leave to Proceed IFP, ECF No. 2 in Case No. 2:14-cv-00395-UA-MRW (C.D. Cal. Feb. 4, 2014) (denying leave to proceed *in forma pauperis*

3

and dismissing case after conducting screening under 28 U.S.C. § 1915(e)(2)(B) and finding claims were frivolous and failed to state a claim upon which relief may be granted); *Daker v. Warren*, Order Dismissing Appeal, Case No. 13-11630 (11th Cir. Mar. 4, 2014) (three-judge panel dismissal of appeal on grounds that appeal was frivolous); Order Dismissing Appeal, *Daker v. Warden*, Case No. 15-13148 (11th Cir. May 26, 2016) (three-judge panel dismissing appeal as frivolous); Order Dismissing Appeal, *Daker v. Commissioner*, Case No. 15-11266 (11th Cir. Oct. 7, 2016) (three-judge panel dismissing appeal as frivolous); Order Dismissing Appeal, *Daker v. Ferrero*, Case No. 15-13176 (11th Cir. Nov. 3, 2016) (three-judge panel dismissing appeal as frivolous); Order Dismissing Appeal, *Daker v. Governor*, Case No. 15-13179 (11th Cir. Dec. 19, 2016) (three-judge panel dismissing appeal as frivolous). Daker has therefore accrued more than three "strikes" for purposes of § 1915(g).

"The purpose of the PLRA is to curtail abusive litigation." *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002). "Section 1915 only allows a prisoner to file three meritless suits at the reduced rate[.]" *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001). "After the third meritless suit, the prisoner must pay the full filing fee at the time he initiates suit." *Id.* Daker has filed numerous meritless suits and is, in fact, a frequent filer. He has not prepaid a filing fee in the instant action and the Court will not allow him to proceed without doing so. Daker will not be permitted to utilize a motion to intervene to avoid prepaying the filing fee such that he can engage in abusive litigation.

B.    Exhaustion

Title 42, United States Code section 1997e(a) provides that "[n]o action shall be

brought with respect to prison conditions under section 1983 of this title . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." "[A] n intervenor is treated as if he were an original party and has equal standing with the original parties." *Marcaida v. Rascoe*, 569 F.2d 828, 831 (5th Cir. 1978).[1] The exhaustion requirement thus applies to intervenors such as Daker because "to waive the exhaustion requirement . . . would be to circumvent Congress' intent in enacting the PLRA." *Daker v. Wetherington*, Civil Action No. 1:01-CV-3257-RWS at 11 (N.D. Ga. March 25, 2004).

"[D]eciding a motion to dismiss for failure to exhaust administrative remedies is a two-step process." *Turner v. Burnside,* 541 F.3d 1077, 1082 (11th Cir. 2008). "First, the court looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's versions of the facts as true." *Id.* If, taking plaintiff's facts as being true, the defendant is entitled to dismissal for failure to exhaust, then the complaint should be dismissed. *Id.* "If the complaint is not subject to dismissal at the first step . . . , the court then proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion." *Id.* The defendant bears the burden of proof during this second step. *Id.* Since dismissal for failure to exhaust is not an adjudication on the merits, the Court can resolve factual disputes using evidence from outside the pleadings. *Bryant v. Rich*, 530 F.3d 1368, 1376 (11th Cir. 2008)

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decision of the former Fifth Circuit rendered prior to October 1, 1981.

Defendants assert that Daker's motion to intervene is subject to dismissal because he failed to allege exhaustion. Defs.' Resp. 4-5, ECF No. 111. Daker replies that he is not required to exhaust under the PLRA, but even if he is, he has in fact exhausted. Daker's Reply 2-4, ECF No. 113. Daker offers no facts supporting his alleged exhaustion, asserting only that "[a]t this juncture, Mr. Daker's sworn declaration below sufficies to lay this issue to rest." The Court disagrees. Defendants and Daker's assertions conflict, thus the Court examines this case at the second step of the exhaustion analysis. *Turner*, 541 F.3d at 1082. The Court, evaluating all the information as presented by Defendants and Daker, concludes that there is no evidence at all to support a finding that Daker exhausted any administrative remedy regarding Plaintiff Nolley's Fourteenth Amendment claims. *Bryant*, 530 F.3d at 1376. This Court will not allow Daker to circumvent the PLRA requirements, as doing so would be out of line with Congressional intent to prevent opening the floodgates of abusive litigation.

## CONCLUSION

For the reasons stated above, the Daker's motion to intervene (ECF No. 109) is denied.

SO ORDERED, this 10th day of May, 2017.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE