# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | | |
|---|---|---|
| DARNELL NOLLEY, | : | |
| Plaintiff, | : | |
| VS. | : | CASE NO. 5:15-CV-75-CAR-MSH |
| CYNTHIA NELSON, *et al.*, | : | |
| Defendants. | : | |

## ORDER AND RECOMMENDATION

Presently pending before the Court is Plaintiff's motion to relate (ECF No. 83), motion for leave to file a sur-reply brief (ECF No. 97), motion for documents at government's expense (ECF No. 98), motion to amend complaint (ECF No. 102), and motion to correct certain filings (ECF No. 115). Also pending before the Court is Defendants' motion for summary judgment (ECF No. 86). Plaintiff's motion to relate, motion for leave to file a sur-reply brief, motion for documents at government's expense, and motion to amend complaint are denied. Plaintiff's motion to correct certain filings is granted. For the reasons stated above, it is recommended that Defendants' motion for summary judgment be granted. For the reasons discussed herein, it is recommended that Defendants' motion for summary judgment be granted.

## BACKGROUND

The present action arises out of Plaintiff Darnell Nolley's confinement in the Tier II Administrative Segregation Program ("Tier II") at Macon State Prison ("Macon State"). Plaintiff filed this § 1983 action on March 1, 2015. Compl. 7, ECF No. 1.

Though the case was initially dismissed, Plaintiff was granted leave to file a post-judgment motion to amend his complaint. Plaintiff's April 21, 2015 Amended Complaint (ECF No. 12) is the controlling complaint of this case. Order 3, June 1, 2015, ECF No. 11. Pursuant to the ruling on Defendants' pre-answer motion to dismiss (ECF No. 21), Plaintiff's Fourteenth Amendment claim against Defendants in their individual capacities for nominal damages is the only pending claim. Order 4, Mar. 29, 2016, ECF No. 54.

Defendant was deposed (ECF No. 90) on September 12, 2016, and the discovery period ended on September 21, 2016. Order 1, Aug. 22, 2016, ECF No. 80. Defendants filed the presently pending motion for summary judgment (ECF No. 86) on October 21, 2016. Plaintiff filed his response on December 19, 2016 (ECF No. 93) and Defendants filed a reply on January 26, 2017 (ECF No. 95). Defendant's motion is fully briefed and ripe for review.

After the parties' full opportunity to participate in discovery, the undisputed material facts are as follows. Plaintiff was housed in the Tier II program at Macon State from June 9, 2014 to May 26, 2015. Bobbitt Aff. ¶ 22, ECF No. 88-1; Mot. for Summ. J. Attach. A-3.1 at 2, ECF No. 89-1. The purpose of Tier II is administrative segregation to "protect staff, offenders, and the public from offenders who commit [certain] actions, or who otherwise pose a serious threat to the safety and security of the intuitional operation." Bobbitt Aff. ¶ 4; Nolley Depo. at 56:18-57:21, ECF No. 90-1. The Tier II housing units at Macon State are similar to general population housing units, but have fewer furnishings. Pl.'s Decl. ¶ 32, ECF No. 93-1; Nolley Depo. at 54:19-24. Macon State Tier II inmates have access to indigent mail supplies similar to general population

inmates, and they are permitted to send and receive letters. Nolley Depo. at 173:13-16, 174:1-7, 176:2-6. Visitation, with some restrictions, is permitted. Pl.'s Decl. ¶ 12; Bobbitt Aff. ¶ 9. Tier II inmates have access to the telephone on weekends.[1] Nolley Depo. at 168:9-25; Bobbit Aff. ¶ 9. Tier II inmates shower three times per week. Nolley Depo. at 133:11-14; Bobbitt Aff. ¶ 9. Some level of out-of-cell recreation time is afforded Tier II inmates.[2] Bobbit Aff. ¶ 9; *see generally* Nolley Depo. at 141-148.

## DISCUSSION

**I.      Plaintiff's Motions**

A.      Motion to Relate

Plaintiff filed a motion to consolidate (styled as a "Motion to Relate") Civil Action Nos. 5:15-cv-75-CAR and 5:15-cv-149-CAR, as both "revolve essentially around Plaintiff's claims of denial of due process in connection with his segregation/disciplinary proceedings and involve several of the same defendants." Mot. to Relate 1, ECF No. 83. The Rule governing consolidation "is permissive and vests a purely discretionary power in the district court." *Young v. City of Augusta*, 59 F.3d 1160, 1168 (11th Cir. 1995)(noting that "although consolidation under Rule 42(a) may be warranted because of a common issue of law or fact, it is not required.") The claims are not duplicative and the parties differ in the two cases Plaintiff wishes to consolidate. *See Nolley v. McLaughlin*, 5:15-cv-149-CAR-CHW, ECF No. 108 at 8. Due to the differences in parties and in

---

[1] In fact, Plaintiff states, "they weren't real strict about the phone policy at Macon" and Tier II inmates were allowed to use it whenever guards could make time to have inmates out of their cells.

[2] Plaintiff cannot recall exactly how often he was permitted out-of-cell recreation at Macon State, but asserts that he was not permitted out-of-cell recreation every day, but that sometimes his out-of-cell time was increased to compensate for missed days. Nolley Depo. at 143:19-25.

procedural posture, and the late stage of litigation, this Court exercises its discretion and denies Plaintiff's motion to consolidate. The cases shall proceed separately.

      B.      Motion for Leave to File a Sur-reply Brief

Plaintiff moves for leave to file a sur-reply in opposition of Defendants' motion for summary judgment. That motion (ECF No. 97) is denied. "A district court's decision to permit the filing of a surreply is purely discretionary and should generally only be allowed when a valid reason for such additional briefing exists[.]" *First Specialty Ins. Corp. v. 633 Partners*, 300 F. App'x 777, 788 (11th Cir. 2008). M.D. Ga. Local R. 7.3.1 provides that "[b]riefing of any motion or issue concludes when the movant files a reply brief" and sur-reply briefs are "not favored." Plaintiff asserts that he should be permitted to file a sur-reply brief to "make out more fully his position as to why the factual allegations of his complaint are sufficient to sustain a freestanding Eighth Amendment claim[.]" Mot. for Leave to File Sur-reply Br. 2, ECF No. 97. The Court has clearly—and repeatedly—found that the only pending claim is a Fourteenth Amendment Due Process Claim. Order 4, Mar. 29, 2016, ECF No. 54; Order 7, June 24, 2016, ECF No. 65. The Court finds the issues actually pending to be adequately briefed and additional briefing is not justified.

      C.      Motion for Documents at Government's Expense

Plaintiff requests copies of ECF Nos. 93, 93-1, and 93-2 (Plaintiff's Response to Defendants' Motion for Summary Judgment and supporting documents), as well as a docket sheet, at "government expense." Mot. 2, ECF No. 98. While Plaintiff has been granted leave to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915, he is not

entitled to have the costs of copying covered by the Court. *See Easley v. Dep't of Corr.*, 590 F. App'x 860, 868 (11th Cir. 2014) (citing *Tabron v. Grace,* 6 F.3d 147, 159 (3d Cir. 1993) ("There is no provision in [§ 1915] for the payment by the government of the costs of . . . litigation expenses, and no other statute authorizes courts to commit federal monies for payment of the necessary expenses in a civil suit brought by an indigent litigant.")). Therefore, although proceeding IFP, Plaintiff is required to fund the expenses of litigation like any other litigant. Plaintiff's motion is thus denied.[3]

D.   Motion for Leave to File an Amended Complaint

Also pending before the Court is Plaintiff's sixth motion to amend his complaint (ECF No. 102). Defendants filed a response in opposition to Plaintiff's motion (ECF No. 105). Plaintiff's motion is denied.

Federal Rules of Civil Procedure Rule 15(d) provides that "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). Since Plaintiff has already amended once as a matter of course (ECF No. 9), he must now seek leave to amend/supplement pursuant to Federal Rules of Civil Procedure Rule 15(a)(2), and such leave should be "freely give[n]" when "justice so requires." Plaintiff reasserts arguments nearly identical to his numerous prior motions for leave to amend (ECF Nos. 20, 35, 48, and 81). This Court has already considered and denied Plaintiff's previous motions to amend (ECF Nos. 50, 54, and 100), which contained the same assertions as the present

---

[3] The Court notes that the Clerk did provide a courtesy copy of the docket sheet. *See* Mot. to Correct Certain Filings 1, ECF No. 115 ("I am in receipt of the courtesy copy of the docket sheet your office provided[.]").

motion to amend. Plaintiff's motion is therefore denied.

### E. Motion to Correct Certain Filings

Plaintiff files a "Motion to Correct Certain Filings" asserting that the documents filed at ECF Nos. 103 and 104 were incorrectly docketed as a supplemental declaration and response to Court Order. Plaintiff asserts that the documents were intended as objections to this Court's March 6, 2017 Order (ECF No. 100) denying Plaintiff's motion to file a second amended complaint. Plaintiff is correct that he has a right to have the United States District Judge review this Court's pretrial Order. However, such Order can only be overturned "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). Plaintiff's motion to correct certain filings is granted to afford Plaintiff his statutory right of review. ECF Nos. 103 and 104 shall be construed as an objection to this Court's March 6, 2017 Order, to be ruled on by the United States District Judge pursuant to the "clearly erroneous or contrary to law" standard.

## II. Defendants' Motion for Summary Judgment

Defendants move for summary judgment on Plaintiff's Fourteenth Amendment due process claim. Defendants assert that they are entitled to judgment as a matter of law because, *inter alia*, Plaintiff has failed to demonstrate that he was subjected to "atypical and significant hardships" giving rise to due process. Plaintiff responded on December 19, 2016.[4] Defendants' motion is ripe for review and the Court recommends that the motion be granted.

---

[4] Plaintiff moved for an extension of time (ECF No. 92) to file his Response to Defendants' Motion for Summary Judgment. Plaintiff's motion is granted and his Response is considered timely filed.

6

A.     Summary Judgment Standard

Summary judgment may be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether a *genuine* dispute of *material* fact exists to defeat a motion for summary judgment, the evidence is viewed in the light most favorable to the party opposing summary judgment, drawing all justifiable inferences in the opposing party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A fact is *material* if it is relevant or necessary to the outcome of the suit. *Id.* at 248. A factual dispute is *genuine* if the evidence would allow a reasonable jury to return a verdict for the nonmoving party. *Id.*

B.     Fourteenth Amendment Claim

It is well-settled that the Due Process Clause of the Fourteenth Amendment protects against deprivations of "life, liberty, or property without the due process of law." U.S. Const. amend. XIV. In order to establish a procedural due process claim under 42 U.S.C. § 1983, a plaintiff must show that a person acting under color of state law deprived him of a constitutionally protected liberty or property interest without constitutionally adequate process. *See, e.g., Foxy Lady, Inc. v. City of Atlanta*, 347 F.3d 1232, 1236 (11th Cir. 2003) (per curiam).

The Due Process Clause "does not directly protect an inmate from changes in the conditions of his confinement" or create a constitutionally-protected interest "'in being confined to a general population cell, rather than the more austere and restrictive administrative segregation quarters.'" *Chandler v. Baird*, 926 F.2d 1057, 1060 (11th Cir.

1991) (quoting *Hewitt v. Helms*, 459 U.S. 460, 466 (1983)). Although "prisoners do not shed all constitutional rights at the prison gate . . . lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." *Al-Amin v. Donald*, 165 F. App'x 733, 738 (11th Cir. 2006) (citation omitted). Under certain circumstances, segregation is a necessary limitation of privileges and rights that incarceration demands and the transfer of an inmate to less amenable and more restrictive quarters for non-punitive reasons is well within the terms of confinement ordinarily contemplated by a prison sentence. *Id.*

Generally, "[w]hen an inmate is placed in conditions more restrictive than those in the general prison population, whether through protective segregation . . . or discretionary administrative segregation, his liberty is affected only if the more restrictive conditions are particularly harsh compared to ordinary prison life or if he remains subject to those conditions for a significantly long time." *Earl v. Racine Cty. Jail*, 718 F.3d 689, 691 (7th Cir. 2013) (per curiam). Thus, to state a due process claim, a prisoner must allege more than just confinement in segregation without due process. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995). The prisoner must also show that the nature of his confinement (i.e., the conditions or duration) gives rise to a protected liberty interest and otherwise entitles him to some measure of due process. *See id.* at 486-87.

Length of segregation alone does not necessarily invoke the protections of due process. *Morefield v. Smith*, 404 F. App'x 443, 446 (11th Cir. 2010) (Four-year confinement in administrative segregation did not tip the balance in favor of establishing a liberty interest.). The Eleventh Circuit recently applied these standards to hold that

there was "no combination of factors demonstrating that Plaintiff's incarceration in the SMU imposed an atypical and significant hardship compared to ordinary prison" and district court correctly granted summary judgment to Defendants where Plaintiff regularly received meals, engaged in five hours of outdoor recreation per week, was allowed three showers per week, and was permitted visitation on the weekends. *Turner v. Warden,* 650 F. App'x 695, 700-01 (11th Cir. 2016).

The same analysis has regularly been applied in the Middle District of Georgia. *See, e.g., Upshaw v. McLaughlin*, 5:15-cv-395-MTT-MSH, 2017 WL 726667 at *6 (M.D. Ga. Jan. 31, 2017)(R. & R. adopted as modified on other grounds by *Upshaw v. McLaughlin*, 5:15-cv-395 (MTT), 2017 WL 722591 (M.D. Ga. Feb. 23, 2017))(recommending granting summary judgment to Defendants, as Plaintiff did not assert a protected liberty interest where he alleged Tier II Program cell accommodations; visitation, telephone, mail, and commissary privileges; and access to exercise, educational programs, and vocational programs differed from those of general population inmates.); *Whiting v. Owens*, 5:14-cv-104-CAR-MSH, 2014 WL 2769027 at *2 (M.D. Ga. June 18, 2014)(finding that the loss of visitation, telephone, and commissary privileges, and denial of access to various educational, religious, and recreational programs in a Tier II Program were not "atypical of those discomforts normally associated with prison life"); *Abanfi v. Oubre*, 5:12-cv-421-MTT, 2013 WL 618539 at *4 (M.D. Ga. Jan. 25, 2013)(noting that "restrictions placed on telephone, visitation or commissary privileges . . . do not amount to 'dramatic departures' from the ordinary conditions of confinement")(citation omitted).

With the benefit of full discovery, it is clear that the undisputed material facts support a finding that Plaintiff was not subjected to "atypical and significant hardships" giving rise to a liberty interest. Plaintiff was housed in the Tier II program at Macon State for less than one year. Bobbitt Aff. ¶ 22, ECF No. 88-1; Mot. for Summ. J. Attach. A-3.1 at 2, ECF No. 89-1. The segregation was administrative and designed to "protect staff, offenders, and the public from offenders who commit [certain] actions, or who otherwise pose a serious threat to the safety and security of the intuitional operation." Bobbitt Aff. ¶ 4; Nolley Depo. at 56:18-57:21, ECF No. 90-1. The Tier II housing units at Macon State are described by Plaintiff as "similar to general population housing units, but have fewer furnishing." Pl.'s Decl. ¶ 32, ECF No. 93-1; Nolley Depo. at 54:19-24. Tier II inmates have access (with some restriction) to mail, telephone, and visitation privileges. Bobbitt Aff. ¶ 9; Pl.'s Decl. ¶ 12; Nolley Depo. at 168:9-25, 173:13-16, 174:1-7, 176:2-6. Tier II inmates shower three times per week. Nolley Depo. at 133:11-14; Bobbit Aff. ¶ 9. Some level of out-of-cell recreation time is afforded Tier II inmates. Bobbit Aff. ¶ 9; see generally Nolley Depo. at 141-148.

In sum, the conditions in Tier II at Macon State do not "impose[] an atypical and significant hardship compared to ordinary prison" life. *Turner v. Warden,* 650 F. App'x at 701. Plaintiff has thus failed to show that he was deprived of a liberty interest in violation of the Constitution. It is recommended that Defendants' motion for summary judgment be granted.

## CONCLUSION

For the reasons stated above, Plaintiff's motion to relate (ECF No. 83), motion for

leave to file a sur-reply brief (ECF No. 97), motion for documents at government's expense (ECF No. 98), and motion to amend complaint (ECF No. 102) are denied. Plaintiff's motion to correct certain filings (ECF No. 115) is granted. It is recommended that Defendants' motion for summary judgment (ECF No. 86) be granted. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, within fourteen (14) days after being served with a copy hereof. The district judge shall make a de novo determination of those portions of the Recommendation to which objection is made. All other portions of the Recommendation may be reviewed for clear error.

The parties are hereby notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

SO ORDERED AND RECOMMENDED, this 23rd day of August, 2017.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE