IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| DARNELL NOLLEY, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Case No. 5:15-CV-75 |
| v. | : | |
| | : | Proceedings under 42 U.S.C. § 1983 |
| CYNTHIA NELSON, *et al.* | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

## ORDER ON THE RECOMMENDATION OF
## THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Darnell Nolley, a state prisoner, filed this *pro se* civil rights action under 42 U.S.C. § 1983 on March 9, 2015, alleging various claims arising out of his confinement in the Tier II Administrative Segregation Program (Tier II) at Macon State Prison. Currently before the Court are the Order and Recommendation [Doc. 132] of the United States Magistrate Judge concerning several of Plaintiff's non-dispositive motions and Defendants' Motion for Summary Judgment, as well as non-party Waseem Daker's Motion for Relief concerning the denial of his Motion to Intervene. To better understand the filings and issues currently at bar, the Court briefly recounts the pertinent portions of the long and somewhat complicated procedural history of this case.

Initially, this case was dismissed; however, Plaintiff was allowed to file an amended complaint wherein the Court determined his individual capacity Fourteenth

Amendment due process claims for nominal damages should go forward. Thereafter, Plaintiff filed an appeal of the dismissal of his other claims, as well as the Court's denial of a motion for preliminary injunction concerning Plaintiff's assignment to Tier II.

Meanwhile, Plaintiff's Fourteenth Amendment due process claims proceeded forward in this Court. The discovery period commenced, during which Plaintiff filed numerous motions, including four motions to amend his complaint, all of which were denied. Discovery expired on July 27, 2016, but due to several complications in taking Plaintiff's deposition, the Court granted Defendants a discovery extension until September 22, 2016, for the sole purpose of permitting them the opportunity to take Plaintiff's deposition.

On August 22, 2016, after general discovery expired, Plaintiff filed a Motion to File a Second Amended Complaint [Doc. 81]. On March 6, 2017, the Magistrate Judge denied that Motion [Doc. 100]. Plaintiff filed another Motion to Amend Complaint on March 29, 2017 [Doc. 102].

On April 3, 2017, the Eleventh Circuit remanded Plaintiff's appeal concerning his motion for preliminary injunction. The Court of Appeals instructed this Court to make a fact determination as to whether the Tier II operates statewide so that it, in turn, could determine whether it had jurisdiction to consider the appeal. This Court has made that fact determination, and that appeal is currently back up at the Eleventh Circuit for further processing.

On April 20, 2017, after the remand was issued, another prisoner, Waseem Daker, filed a motion to intervene in this case [Doc. 109]. The Magistrate Judge denied that motion [Doc. 114], and this Court denied Daker's motion for reconsideration and to vacate [Doc. 128]. Daker has filed a notice of appeal [Doc. 116] of this Court's denial of his motion to intervene, which is currently pending before the Eleventh Circuit Court of Appeals.

The United States Magistrate Judge has now issued an Order and Recommendation [Doc. 132] wherein he denies several of Plaintiff's non-dispositive motions, including a Motion to amend complaint [102], and recommends this Court grant Defendant's Motion for Summary Judgment [Doc. 86]. In addition, the Magistrate Judge construed two of Plaintiff's filings [Doc. 103, 104] as objections to his March 6, 2017 Order [Doc. 100] denying Plaintiff's Second Motion to Amend Complaint [Doc. 81]. Plaintiff has filed objections to the Recommendation [Doc. 137]. Moreover, Movant Waseem Daker has filed another Motion pursuant to Fed. R. Civ. P. 60(b) seeking relief from this Court's Order denying Daker's intervention [Doc. 136].

Having considered the Objections [Docs. 103, 104, 137] and reviewed the Order on Plaintiff's Second Motion to Amend Complaint [Doc. 100] and the Order [Doc. 132] to deny Plaintiff's most recent non-dispositive motions, including another motion to amend complaint for clear error, and reviewed the Recommendation [Doc. 132] to grant Defendants' Motion for Summary Judgment *de novo*, this Court agrees with the findings

and conclusions of the United States Magistrate Judge. As explained below, the Court finds it lacks jurisdiction to consider Daker's Rule 60(b) Motion, finds neither of the Magistrate Judge's Orders contained clear error nor was contrary to the law, and adopts the Recommendation to grant Defendants' Motion for Summary Judgment.

Waseem Daker's Rule 60(b) Motion regarding Intervention [Doc. 136]

Daker has filed a 56-page motion again asking the Court to set aside its previous denial of his Motion to Intervene. It appears, however, this Court lacks jurisdiction to consider his request, as the matter is currently pending appeal in the Eleventh Circuit. "It is well-settled law that the filing of a notice of appeal divests the district court of jurisdiction over a case."[1] "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."[2] "The district court retains only the authority to act in aid of the appeal, to correct clerical mistakes, or to aid in the execution of a judgment that has not been superseded."[3] Although the Court retains jurisdiction over collateral matters and to enforce its orders, "[a] district court

---

[1] *Weaver v. Fla. Power & Light*, 172 F.3d 771, 773 (11th Cir. 1999) (citation omitted).
[2] *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982).
[3] *Showtime/The Movie Channel, Inc. v. Covered Bridge Condo. Ass'n*, 895 F.2d 711, 713 (11th Cir. 1990).

does not have the power to alter the status of the case as it rests before the Court of Appeals."[4]

Although orders denying a motion to intervene are not final orders, under the "anomalous rule" the Court of Appeals has "provisional jurisdiction to determine whether the district court erroneously concluded that the appellants were not entitled to intervene as of right under [Federal Rule of Civil Procedure 24(a)], or clearly abused its discretion in denying their application for permissive intervention under [Rule 24(b)]."[5] Rule 4(a)(4) provides a list of post-judgment motions that, if timely filed, "the appeal self-destructs."[6] That list includes motions "for relief under Rule 60 if the motion is filed no later than 10 days after the judgment is entered."[7] Because Daker filed the Rule 60(b) motion currently at bar clearly outside of this time-frame, and because the Eleventh Circuit has jurisdiction to consider the Order denying his motion to intervene, this Court lacks jurisdiction to consider the merits of his motion.

Even if the Court had jurisdiction to grant the relief Daker requests, it would not grant it. Daker neither establishes that intervention is required nor should be permitted; therefore he fails to present any reason to change this Court's original denial of his motion to intervene.

---

[4] *Green Leaf Nursery v. E.I. DuPont De Nemours & Co.*, 341 F.3d 1292, 1309 (11th Cir. 2003) (internal citation omitted).
[5] *Stallworth v. Monsanto Co.*, 558 F.2d 257, 263 (5th Cir. 1977).
[6] *Griggs*, 459 U.S. at 58.
[7] Fed. R. App. P. 4(a)(4)(A)(vi).

Plaintiff's Objections re: Denial of Motion to File Second Amended Complaint

Plaintiff Nolley has filed Objections [Docs. 103, 104] to the Magistrate Judge's Order [Doc. 100] denying Plaintiff's Motion to file a Second Amended Complaint [Doc. 81]. Because Plaintiff has filed objections to the Magistrate Judge's decision on a non-dispositive issue, this Court must consider the objections and modify or set aside any part of the order that is clearly erroneous or is contrary to the law.[8] "Clear error is a highly deferential standard of review."[9] The Magistrate Judge has committed no such error.

It appears Plaintiff wishes to amend his complaint to add an allegation that the Tier II administrative segregation program is operated statewide. As a result of the Eleventh Circuit's remand, this Court has found that the Tier II program is indeed operated statewide. However, allowing Plaintiff to add this allegation would be improper. Plaintiff's Fourteenth Amendment due process claims relate to his confinement in the Tier II Program at Macon State Prison. Permitting Plaintiff to add claims against defendants from different prison facilities would neither expedite the resolution of the claims in this case nor promote trial convenience because a determination of whether such claims have merit arises from different sets of facts. Moreover, discovery in this case is complete, dispositive motions have been filed, and,

---

[8] *See Smith v. Sch. Bd. of Orange Cnty.*, 487 F.3d 1361, 1365 (11th Cir. 2007) (per curiam); *see also* Fed. R. Civ. P. 72(a); 28 U.S.C. §636(b)(1)(A).
[9] *Holton v. City of Thomasville Sch. Dist.*, 425 F.3d 1325, 1350 (11th Cir. 2005) (citation omitted).

as explained below, Plaintiff has failed to establish he was subjected to atypical and significant hardships giving rise to a cognizable claim. Thus, the Court upholds the Magistrate Judge's Order denying Plaintiff's Motion to File a Second Amended Complaint [Doc. 81].

Order and Recommendation on Defendants' Motion for Summary Judgment

In the Order and Recommendation, the Magistrate Judge denies several of Plaintiff's most recent non-dispositive motions, including another motion to amend his complaint, and recommends granting Defendants' Motion for Summary Judgment on Plaintiff's sole remaining Fourteenth Amendment due process claim. In his Objection [Doc. 137], Plaintiff appears to object to the Orders and the Recommendation.

This Court has reviewed the Order denying Plaintiff's non-dispositive motions and finds the rulings contain no clear error nor are contrary to the law. Thus, those rulings are upheld.

The Court has reviewed *de novo* the Recommendation to grant Defendants summary judgment and finds Plaintiff's objections unpersuasive. The Recommendation finds Defendants are entitled to summary judgment because the evidence fails to show Plaintiff was subjected to atypical and significant hardships giving rise to a liberty interest. Plaintiff argues he has made such a showing. This Court, however, is unconvinced and agrees with the findings and conclusions of the Magistrate Judge.

Accordingly, the Order and Recommendation [Doc. 132] is **ADOPTED** and **MADE THE ORDER OF THE COURT**. Plaintiff's Motion to Amend Complaint [Doc. 81] is **DENIED**; Daker's Rule 60(b) Motion [Doc. 136] is **DISMISSED for lack of jurisdiction**; and Defendant's Motion for Summary Judgment [Doc. 86] is **GRANTED**. The Clerk is DIRECTED to enter Judgment in favor of Defendants.

**SO ORDERED,** this 21st day of September, 2017.

S/ C. Ashley Royal
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT